LAWSON ET ALS. v. TOWNES, OLIVER & CO.

1. To charge a guarantor on his letter of credit, it is necessary that he should be notified that the guaranty was accepted, and the credit given, within a reasonable time afterwards; and also, that demand be made of payment of the principal debtor within a reasonable time after the maturity of the debt, and notice to the guarantor of the failure to pay.

2. When the liability of the defendant depends on notice of a particular fact, such notice must be specially averred, and the general averment, "of all which the defendant had notice," at the close of the declaration, will not be sufficient on demurrer, though it would be aided by verdict.

3. An allegation in the declaration, of the time when the credit was given, is not a description of the note, and will not authorise the rejection of the note, the date being different from the alledged date of the credit.

Error to Talladega Circuit Court.

THIS action was brought in the Court below, by the defendants in error, against the plaintiffs in error, as guarantors of one Walter West. The guaranty is to the following effect:

"TALLADEGA, Nov. 22, 1836.

Whom it may concern. We, whose names are hereto subscribed, do recommend Walter West to be a man of honest character; and that he wishes to procure a stock of liquors and other articles to furnish a confectionery; and that he will be true and responsible for any contract that he may make. And that we, the subscribers, do warrant such contract to be fulfilled. Given under our hands as above."

(Signed by the parties.)

The declaration charges the execution of the letter of credit by the defendants, and its delivery to West; that he presented it to the plaintiffs; and that upon the faith and credit of the guaranty, they sold him liquors and other articles to furnish a confectionery, amounting to the sum of three hundred and eighty nine dollars; that West did not pay the debt when it became due; that they have prosecuted him to insolvency with due diligence; and concludes by averring, "of all which said defendants had due notice," whereby, &c.

The defendants demurred to the declaration, which was overruled by the Court; and, on issue joined, on the plea of non-assumpsit, the plaintiffs had judgment.

By a bill of exceptions, taken during the trial of the cause, it appears that the plaintiffs offered in evidence the record of the judgment against West, together with a writ of *fieri facias*, which issued thereon, on which the sheriff returned, "no goods, chattels, lands or tenements to be found in my county to make the money or any part thereof;" also a *capias ad satisfaciendum*, upon which the sheriff made return, "executed on the defendant by arresting his body, and released by giving bond and security for the prison bounds."

To the introduction of these writs of execution, the defendants objected, because they varied from the judgment—the amount of the judgment, as recited in the executions, being eight dollars more than the judgment actually rendered; but the Court permitted the clerk to prove that the variance was a clerical error, and that the executions were issued on the judgment obtained against West; to which the defendants excepted.

The defendants also moved the Court to instruct the jury, that, as it did not appear from the testimony, that West had been discharged from custody, they should presume the judgment was satisfied; which charge the Court refused to give, and charged the jury that, if the judgment was satisfied, it was the duty of the defendants to prove it; to which the defendants also excepted.

The plaintiffs having proved by a witness the sale of the liquors and other articles to West on the 2d December, 1836, and that the note taken of that date from West, was the true date; which note, on motion of the defendants' counsel, was excluded from the jury; because the date of the note, as stated in the pleadings, was the 22d December, 1836. The witness was afterwards re-examined by the plaintiffs; and on cross examination, was asked by defendants' counsel, whether the note which they then handed to him, was not the true date of the transaction. The defendants' counsel then moved to exclude the evidence of the witness from the jury, on the ground that it did not support the averments of the declaration; but the

Court refused to exclude the evidence, and permitted the note to go before the jury, because the testimony had been brought out by the defendants' counsel; to which the defendants also excepted.

The assignments of error are—

1st. The overruling the demurrer to the declaration.

2d. In admitting the *fi. fa.* and *ca. sa.* in evidence.

3d. The Court erred in its opinions as set out in the bill of exceptions.

BAYLOR and WM. B. MARTIN for the plaintiffs in error.
CHILTON & MOORE contra.

ORMOND, J.—The objection taken to the declaration is, that there was no sufficient notice of the acceptance of the guarantee, and of the failure of West, to whom the letter of credit was given, to pay the debt. It is very clear, that the guarantors were entitled to notice that credit had been given to West, on the faith of the guaranty, within a reasonable time afterwards, that they might know the extent of their liability, and, if necessary, be enabled to take the proper steps to secure themselves. As their undertaking was not absolute, but conditional, and depending on the failure of the principal debtor to pay, it was also necessary, to fix their liability; that demand of payment should have been made of the principal debtor within a reasonable time, and notice given to them of his refusal to pay. But it was not necessary to charge them, that legal proceedings should have been commenced and prosecuted against the principal debtor—but only, that the creditor should have used reasonable diligence in making demand, and giving notice of non-payment. This is the general mode applicable to this class of contracts, and peculiarly proper in this case, where the letter of credit was not addressed to any particular person, and was for an indefinite sum. [See Douglass and others vs. Reynolds and others, 7th Peters 113; Lee vs. Deck, 10th ibid. 482; Onley us. Young, 2 H. Black. 613.]

In all cases where the liability of the defendant depends on notice of the existence of a particular fact, such notice is of the *gist* of the action, and should be specially averred; and it

should also appear, that it was given in due time and to a proper person. [1 Chitty on Pleading 321.] The only averment in the declaration of notice, is to the following effect: " The plaintiffs have prosecuted the said West to insolvency, and after using due diligence, have failed to collect the same, or any part thereof; nor has any other person paid any part thereof to said plaintiffs, or other person for them: of all which said defendants had due notice, whereby," &c.

It has been shown that, to fix the liabilty of the guarantors, it was necessary, within a reasonable time afterwards, to give them notice, that credit was given on the guaranty; and also, notice of non-payment, within a reasonable time after the debt fell due. The general allegation of notice at the close of the declaration, although informal, might be sufficient on general demurrer, if there were facts stated in the declaration on which, by reference, it could operate. It is true it appears when the credit was given, and its amount; but it does not appear when the debt fell due, nor when demand of payment was made, nor indeed, that any demand was in fact made. The suit, which it may be inferred was brought, from the averment, that West was prosecuted to insolvency, might indeed be considered a *demand;* but it is not stated *when* it was brought. It may not have been brought within a reasonable time; and if not, the defendants are not liable, even if notice was in fact given, that the suit had been instituted.

There is, therefore, no liability on the part of the defendants shown in the declaration, as the very gist of the action is omitted. The demurrer, therefore, should have been sustained to both counts of the declaration.

Upon the trial, the plaintiffs, to prove due diligence in collecting the money from the principal, introduced the record of a suit instituted by them against him for the recovery of the debt, and the executions which issued thereon. From what has been said, it appears that no suit against the principal was necessary to enable the plaintiffs to recover of the defendants; the introduction of the record was, therefore, superfluous, except to establish a demand; and in this aspect, the regularity of the executions would not be important; but there can be

no doubt that it was competent for the plaintiff, if necessary, to show, that the executions were in fact issued on the judgments against West, and that the variance was a clerical error.

It has been shown, that the plaintiffs were under no obligation to prosecute the principal to insolvency, to entitle them to their action against the defendants; it is, therefore, not necessary to determine whether, under the circumstances, the return of the *ca. sa.* was a presumptive satisfaction of the judgment; nor do we express any opinion, whether the evidence offered would have established the insolvency of the principal, if it had been necessary to prove that fact.

It appears from the bill of exceptions, that a witness was introduced by the plaintiffs, who proved that a note, which was produced, dated 2d December, 1836, was executed by West, the principal debtor, on obtaining the credit under the guaranty, and that it was the true date of the transaction.  This evidence the Court, on motion, excluded from the jury, on the ground that it contradicted the pleadings.  The defendants afterwards, on cross examination, asked the witness the same questions, presenting the note to him, which he answered in the same manner; and the Court then refused to exclude the testimony from the jury, on the ground that the evidence was offered by the defendants' Attorney.

It is certainly true, that a party in a cause may offer evidence against himself, which the opposite party would have no right to produce before the jury, and which he will not afterwards be permitted to withdraw; but that does not appear to have been the case here.  The defendants' counsel were merely compelling the witness to reiterate that which the Court had before decided precluded the admission of the note in evidence; and we cannot perceive that thereby they waived any right, though certainly a most unnecessary procedure, as the note had been excluded from the jury already.  The judgment of the Court, however, in admitting the note in evidence under the proof, was right, though a wrong reason was given for it.

A parol contract, strictly speaking, has no date, and therefore, the *time* of making it is not, as *such*, material.  Yet in pleading a written instrument, such as a promissory note, if

29

there be a mis-description of the date, it will be a variance, and cause its rejection, on the ground that it is not the instrument described in the pleadings. But the rule does not apply in this case, as there was no attempt to describe the note executed by West to the plaintiffs, in the declaration. The allegation is, not that the note was made on a particular day, but that the *credit* was given on the 22d December, 1836, when in fact the credit was given on the 2d December, 1836, and which was also the date of the note. As the date of the credit was not of the essence of the contract, it was not material to be proved as laid in the declaration; and therefore, although an incorrect date was stated in the declaration, as to the time when the credit was given, it was not a mis-description of the *note;* and therefore, could not cause its rejection. The ultimate judgment of the Court being right, the cause would not be revised on this point, because a wrong reason was assigned for the action of the Court.

But for the error of the Court, in not sustaining the demurrer to the declaration, the judgment must be reversed, and the cause remanded.