## FAY *vs.* HALL.

1. A writing in these words : " Sir—At Mr. S.'s request, I have concluded to stand his security for the hire of two boys, not exceeding $220, for the year 1847. Dec. 31, 1846,"—held a collateral guaranty which required notice of acceptance within a reasonable time, there being no new consideration between the parties.

2. In an action on a guaranty, where notice of acceptance is necessary to charge the guarantor, notice must be averred in the declaration ; but the general allegation ("of all which aforesaid premises the said defendant," &c., " then and there had notice"), when the declaration states facts on which it can operate, is sufficient.

3. The declaration must also aver the terms of the credit given to the principal debtor, and his failure to pay.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. NAT. COOK.

ASSUMPSIT by Bolling Hall against Edwin Fay, on an instrument of writing, of which the following is a copy :

" MR. HALL : Sir—At Mr. Scott's request, I have concluded to stand his security for the hire of two boys, not exceeding $220, for the year 1847.        Yours,

" Dec. 31, 1846.              EDWIN FAY."

The declaration contained the common counts and four special counts. The first special count alleges that, in consid-

eration that plaintiff, at defendant's special instance and request, " would hire and deliver two boys for the year 1847 to one George G. Scott, not exceeding the sum of $220," defendant undertook and faithfully promised said plaintiff to stand security for the hire of said boys ; and plaintiff avers, that he, confiding in defendant's said promise and undertaking, afterwards, to-wit, on the first of January, 1847, did hire and deliver to the said Scott two negro slaves, then and there agreed upon between them, which the said Scott then and there had occasion for during the year 1847, at and for certain reasonable prices then and there agreed upon between said Scott and plaintiff, amounting in the whole to $220 ;" and although the hire of said two boys has long since passed, and the prices so agreed upon for their hire have been long since due, yet the said Scott, although he was afterwards, to-wit, on the — day of ——, at ——, to-wit, in the county aforesaid, requested by said plaintiff so to do, hath not as yet paid the said sum of $220, nor any part thereof, but hath hitherto wholly neglected and refused so to do ; of all which aforesaid premises the said Edwin Fay afterwards, to-wit, on the — day of —— aforesaid, then had notice. Yet the said Fay, not regarding his said promise and undertaking, hath not as yet accounted with plaintiff, nor paid him said sum of money, nor any part thereof, for the hire of said two boys, although he was afterwards requested ; but hath hitherto wholly neglected," &c.

The second count alleges that, on the 31st December, 1846, it was agreed between plaintiff and defendant that defendant should stand security for the sum of $220, to be paid by Scott for the hire of certain slaves for the year 1847, in consideration that plaintiff would credit said Scott for said sum of $220 ; and plaintiff avers that he, confiding in said undertaking of defendant, and at his special instance and request, did afterwards, to-wit, on the first day of January, 1847, give the credit aforesaid to said Scott, and hire the said slaves to him for the year 1847, for said sum of $220 ; and although said sum of money has been long since due, and said Scott often requested to pay the same, yet he has not paid the same, nor any part thereof, but has hitherto wholly neglected and refused so to do ; of all which said premises the said defendant afterwards had notice, yet he has wholly failed to pay, though af-

terwards requested, and said sum of $220 still remains due and unpaid, &c.

The third count alleges, that said Fay, in consideration that plaintiff would hire two negro boys to said Scott for the sum of $220 for the year 1847, and notes of said Scott to be thereafter drawn amounting to said sum of $220, and give said Scott credit on said notes until the first day of January, 1848, undertook and faithfully promised to secure the payment of said notes ; and plaintiff avers, that he, confiding in defendant's said promise and undertaking, did hire said slaves to said Scott for the year 1847, and took his notes for the amount of the hire, with a credit until the first day of January, 1848; of all which said premises said defendant then and there had notice, yet, not regarding his said promise and undertaking, he hath not yet paid said sum of money, though often requested so to do, but wholly neglects and refuses, and the same is still wholly due and unpaid, &c.

The fourth count alleges, that the defendant, in consideration that plaintiff would hire two negro boys (slaves) to said Scott for the year 1847, for the sum of $220, and would credit said Scott for said sum of money, undertook and promised to pay said sum of $220 ; and plaintiff avers, that he, confiding in the said promise and undertaking of defendant, afterwards hired the said slaves to said Scott for the year 1847, for the sum of $220, and credited him for said sum of money ; of all which said premises said defendant had notice, yet he has wholly failed to pay, &c.

The defendant demurred to the first, second, third and fourth counts separately, and pleaded to the others *non assumpsit*, payment, set-off, and submission and award. The demurrer to each count was overruled.

It is unnecessary to notice the evidence in the case, as no question is here presented upon it. The court charged the jury as follows : " That the above writing, signed by Fay, was an original undertaking, and contained an absolute promise to pay, subject only to the condition that the hiring should take place ; and that, if plaintiff did hire the negroes to Scott for a sum not exceeding $220, then Fay became absolutely liable for the amount of such hiring, and no act was necessary to be done by plaintiff, except the hiring, to entitle

him to recover the whole amount of the hiring, not exceeding $220 ;" to which charge defendant excepted.

The overruling of the demurrers to the declaration, and the charge of the court, together with other matters not material to the points here decided, are now assigned for error.

F. BUGBEE, for the appellant :

The demurrers to the declaration ought to have been sustained. The first count is defective in not alleging special notice of acceptance, and failure to pay on the part of Scott ; the second, because no notice is alleged, and the terms of credit to Scott are not stated ; the third and fourth do not allege the time of credit, nor that it had expired, nor that Scott had not paid, nor that defendant had notice.—Lawson v. Townes, 2 Ala. 375; Nesbit v. Bradford, 6 ib. 747. This is not like the case of a guaranty of a note or bill, where the debt is specific in all its terms. Notice, in such a case as this, must be specially averred ; the general allegation, " of all which aforesaid premises," &c., is not sufficient.—2 Ala. 375 ; 6 ib. 747.

The proper construction of the paper is to be inferred only from its terms, for there is no evidence of any stipulation or contract of hiring. From the tenor of the instrument it is evident that something more was yet to be done, either on the part of Fay, or Hall, or some other person. Fay had promised Scott that he would stand his security, if necessary, or, perhaps, if desired ; he agreed, not to pay the debt, but to become Scott's security for it, evidently standing behind him, and keeping up the relation of principal and surety. Such a contract is a collateral guaranty, which requires notice of acceptance and demand of payment from the principal debtor, before the guarantor can be charged.—Russell v. Clark's Ex'rs, 7 Cranch 90; McIver v. Richardson, 1 M. & S. 557; Stafford v. Low, 16 Johns. 67; Beekman v. Hale, 17 ib. 134; Douglass v. Reynolds, 7 Peters 125 ; Murray v. King, 5 B. & A. 165 ; 2 Ala. 373; 6 ib. 747.

N. S. GRAHAM, contra :

The instrument sued on is an original undertaking, and was a promise to pay Hall the price that might be agreed on between Scott and Hall for the hire of two negroes, not ex-

ceeding $220, for the year 1847. Both Scott and Fay, when the contract of hire was consummated, were liable jointly or severally.—Bates v. Starr, 6 Ala. 697; Chitty on Con. 408 ; Chase v. Day, 17 Johns. R. 114.

The cases of Nesbit v. Bradford, 6 Ala. 746, and Lawson *et al.* v. Townes, Oliver & Co., 2 Ala. 373, are not applicable to this case ; not certainly the latter, because the action there was upon a letter of credit, addressed to no particular person, and was not for a particular amount ; neither are any of the authorities referred to by counsel for plaintiff in error, because it will be found upon examination that the defendants in those cases, created their liability after their principal, and when the debt they guarantied existed at the time ; in short, was not, as this case, the first step towards creating a debt or liability, and the cause of the credit given. This is a promise before the debt becomes due,—is an absolute engagement to pay, conditioned only that the contract of hiring should be made for two negroes, for the year 1847, not exceeding $200. Donley v. Camp, 22 Ala. 659, and numerous authorities there cited, in the opinion of Judge Goldthwaite.

The doctrine of notice, as applicable to negotiable or commercial paper, does not apply here.—3 Kent's Com., 7th edit.; Lee v. Dick, 10 Pet. 496.

A surety cannot relieve himself from his obligation as surety, by giving notice to the creditor that he will not be answerable any longer.—Theobald on Prin. & Sur. (1 vol. L. Lib.,) p. 89; Calvert v. Gordon, 3 Mann. & Ry. 124 ; Clay's Dig. 532, § 6.

The case of Lawrason v. Mason, 3 Cranch 492, is on an instrument very similar to this, and fully sustains this action— being an action in assumpsit against the sureties.

Neither of the letters relied upon in the case of Russell v. Clark's Executors, cited by plaintiff in error, contained any intimation of any intention of the writers to become answerable to any one, for any debt that might be created, and are not applicable to the case at bar.

A demand of payment is necessary only to fix an endorser or a surety, whose undertaking is conditional.—Allen v. Rightmere, 20 Johns. 366 ; Tillman v. Wheeler, 17 *ib.* 326 ; 12 Mass. 14.

Fay v. Hall.

The instrument, in the case of Douglass and others v. Reynolds *et al.*, 7 Peters, upon its face shows that the guarantors were to pay only in the event that "Chester Haring fails to do so." There is no such condition in this case at bar.

The case in 1 Maul. & Selwyn, is also inapplicable; that was simply a suggestion that the writer had no objection to guaranty for his friend; and it was in proof that that was not satisfactory and other security required.

There is a distinction between a contract of suretyship and the contract of guaranty. The surety is immediately liable; the guarantor is, like an endorser, only liable upon condition.

There was no notice to sue verbally, or in writing, and to avail himself of the defence that damage has ensued by the failure to sue, the surety must plead and prove that the principal had become insolvent after notice, and the means of recovering the debt had been lost by such neglect.—Bruce v. Edwards, 1 Stew. 11; Herbert & Kyle v. Hobbs & Fennell, 3 *ib.* 1.

GOLDTHWAITE, J.—The writing which was the foundation of the action, was, in effect, an agreement on the part of Fay to be responsible to Hall as the surety of Scott, if the latter should hire of him two slaves, for the year 1847, at a price not exceeding two hundred and twenty dollars. It is clear this was not an original undertaking on the part of Fay, as it was not founded on any new consideration between himself and Hall, and because it is evident from the words used that he did not intend to charge himself as the original debtor. He is to stand as "*security*" for Scott—in other words, to become responsible for his engagement, which is in law a guaranty (Parsons on Con. 493); and this being the case, the rights of the parties must be determined by the principles which govern contracts of this character. In Lawson v. Townes, 2 Ala. 373, the letter of credit was future in its application, and uncertain in its amount; and it was held, that the guarantors were entitled to notice within a reasonable time that credit had been given to the principal debtor on the faith of the guaranty. In Donley v. Camp, 22 Ala. 659, the promise was an absolute, unconditional guaranty of a specific pre-existing debt; and we held, that in such a case no notice

was necessary to be given to the guarantor, and that his liability was perfected by the failure of the principal to pay the debt when it became due. In the present case, as we have seen, the guaranty was future in its application, and the case falls within the influence of Lawson v. Townes, *supra*, and not that of Donley v. Camp.—See, also, Walker v. Forbes, at the present term. It may be, that the first decision is not sustained by the English cases; but there is a strong current of American authorities in its favor (Lee v. Dick, 10 Pet. 482; Adams v. Jones, 12 *ib.* 207; Norton v. Eastman, 4 Greenl. 521; Tuckerman v. French, 7 *ib.* 115; Kay v. Allen, 9 Barr 320; Howe v. Nickles, 22 Maine 175; Hill v. Calvin, 4 How. (Miss.) 231; Taylor v. Wetmore, 10 Ohio 490; Mussey v. Rayner, 22 Pick. 223; Croft v. Isham, 13 Conn. 28); and we do not feel at liberty to depart from them.

It follows from what we have said, that in order to render Fay liable, it was essential that he should have had notice within a reasonable time that his guaranty was accepted by Hall; and as such notice is of the *gist* of the action, it should be averred in the declaration.—Lawson v. Townes, *supra.*— The first count of the declaration sets out the guaranty,— avers that Hall, confiding in the promise of Fay, hired the slaves to Scott for the year 1847, for the sum of two hundred and twenty dollars; that although the hire has become due, Scott has failed to pay the same, and that Fay had notice of these facts and failed to pay on request, &c. We regard the general allegation of notice as to the antecedent premises sufficient, as there are facts stated in the declaration on which it could operate (Lawson v. Townes, 2 Ala. 373, 376; Carlisle v. Cahaba Railroad Co., 4 Ala. 70; Gause v. Hughes, 9 Por. 552); and the reasonableness of the notice cannot arise upon the pleadings, but depends on the testimony to be disclosed on the trial.—Boot v. Franklin, 3 Johns. 208. This distinguishes the present case from that of Walker v. Forbes, at the present term, in which the facts set forth are not sufficient to charge the defendant without notice.

The second count, however, is defective, as it alleges that the guaranty was made by Fay in consideration that a credit should be given by Hall to Scott for the hire of the negroes, and that the slaves were hired upon a credit, but does not

state the time of credit, or when the amount to be paid for the hire became due. The third count is also defective, in not averring the non-payment of the debt by the principal debtor, to whom it alleges the credit was given on the faith of the promise by Fay to secure the amount. It describes the undertaking of Fay as a guaranty, and shows that he is only to answer in default of Scott, and then seeks to charge him as if he had been the original debtor, by resting his liability simply on his failing to pay the debt which he had undertaken his principal should pay. The fourth count is bad for the same reason, and also because, while it avers that the consideration of the promise on the part of Fay was in fact a credit to Scott for the hire, it does not allege the time of such credit.

The court, therefore, erred in overruling the demurrer to the second, third and fourth counts ; and also in the charge given, which was, in effect, that Fay was liable as an original promisor, and in holding that he was liable otherwise than as a guarantor.

As the points decided will probably be decisive of the case, on another trial, we consider it unnecessary to determine the other questions presented.

Let the judgment be reversed, and the cause remanded.