## CAHUZAC & CO. vs. SAMINI.

[ACTION ON GUARANTY.]

1. *Notice of acceptance.*—To render one liable as guarantor on an offer to guaranty a debt to be contracted by a third person, reasonable notice of its acceptance must be given to him; unless the guarantor and creditor reside in the same city, and the agreement to accept is contemporaneous with the offer to guaranty.

2. *Construction of guaranty.*—A promise by defendant, in consideration that plaintiffs would, from time to time, sell and deliver to a third person, who desired to open an account with them, such goods as were necessary and proper in his line of business, and on the usual terms of credit on which such goods were sold, that he would pay for them if the debtor failed to pay, is a continuing guaranty.

3. *Notice of amount advanced.*—Where a continuing guaranty, unlimited in amount, has been accepted, and notice of its acceptance has been given within a reasonable time, it is not incumbent on the creditor to give notice of the amount advanced on the faith of it, but it is the duty of the guarantor to see that his confidence is not abused.

4. *Averment of acceptance and notice.*—"Which promise plaintiffs accepted, of which defendant had due notice ; and plaintiffs aver that, relying on said

promise," they furnished goods to the debtor, &c.—*held* a sufficient averment of the acceptance of the guaranty and notice thereof to the guarantor.

5. *Suit against principal debtor.*—A suit against the principal debtor, when he is insolvent and has failed to pay, is not necessary to perfect the liability of the guarantor, on a promise to pay if the debtor "failed to pay."

6. *Notice of principal debtor's default.*—In an action on a continuing guaranty, unlimited in amount, for goods sold on a credit of ninety days, the complaint alleged, that sales, amounting to $750, "were made from the 26th July, 1853, up to the 23d August, 1854"; that partial payments were, from time to time, made by the debtor; and that on the 1st December, 1854, he was in default to the amount of $350, of which notice was then given to the guarantor; but no other dates or amounts were specified,—*held*, that the alleged notice was only sufficient to fix the guarantor's liability for the amount of the purchase last made.—(RICE, C. J., *dissenting.*)

7. *Nominal amount insufficient to support jurisdiction.*—In an action on a contract, commenced in the circuit court, if the complaint shows a cause of action for only a nominal sum, it is not sufficient to sustain the jurisdiction of the court.

8. *Remandment refused when no jurisdiction is shown.*—Where a demurrer is erroneously sustained to a complaint, which shows a cause of action for only a nominal sum, the judgment will not be reversed, at the instance of the plaintiff, nor the cause remanded.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellants, and the amended complaint was in these words : " The plaintiffs, who are merchants, residing in the city of New Orleans, claim of the defendant, a resident of Mobile, $400, for this :—One M. Franceschi, who carried on the business of a confectioner in the city of Mobile on the 26th July, 1853, desired to open an account with plaintiffs, and to purchase from them goods necessary and proper in his line of business ; and the defendant, knowing this, promised said plaintiffs, that if they would, from time to time, sell and deliver to said Franceschi such goods as he required, on the usual credit upon which such articles were sold, he (said defendant) would pay said plaintiffs for such goods, if the said Franceschi failed to pay for the same ; which promise plaintiffs accepted ; of which defendant had due notice. And plaintiffs aver, that, relying on said promise so made by defendant, they did, from said 26th July, 1853, up to the 23d August, 1854, at their store in said city of New Orleans, sell and deliver to said M. Franceschi goods necessary and proper in his line of business, to

the amount of $750 90.; and they further say, that during that time—that is, between the 26th July, 1853, and the 24th August, 1854—said Franceschi paid to said plaintiffs, from time to time, the sum of $400 ; so that, on the 24th August, 1854, which was the last time plaintiffs sold goods to said Franceschi, he was indebted to them, for goods so sold and delivered, in the sum of $350 90. And plaintiffs aver, that the usual credit, on which such articles as they sold to said Franceschi are, and then were, usually sold, was ninety days; that such was known, both to said Franceschi and said defendant, to be the usual term of credit ; and that said goods were sold on the usual term of credit. And said plaintiffs further aver, that on the 1st day of December, 1854, they requested said Franceschi to pay them said sum of $350 90, due them as aforesaid, but he then and there failed to pay the same, and was then, and ever since has been, insolvent; of all which said defendant had due notice, whereby he became, and is, liable to pay plaintiffs said sum," &c.

The defendant demurred to the amended complaint, on the following grounds: " 1. Because, admitting that defendant promised as therein alleged, and that said Franceschi afterwards became plaintiffs' debtor, at different times, upon a credit of ninety days, yet said promise was not a continuing guaranty ; by means whereof, defendant would be liable only for the first of the series of debts contracted by said Franceschi with plaintiffs, and the amount of said first debt is not alleged. 2. Because, conceding that said alleged promise is a continuing guaranty, it was plaintiffs' duty, upon the maturity of each successive debt contracted by said Franceschi with them at ninety days, as well to pursue him therefor (unless he was then insolvent) at the first court thereafter, if he made default, as to give defendant reasonable notice of each of said defaults ; and the said facts, as to due diligence and notice of each particular debt contracted, are not alleged in said complaint." The court sustained the demurrer, and rendered judgment for the defendant ; and its rulings in this behalf are now assigned as error.

E. S. DARGAN, for the appellants.—In cases of continuing guaranty, it is not necessary to give notice of every transac-

tion : it is only necessary to give notice of the amount due within a reasonable time after the transactions are closed.— Clark v. Remington, 11 Metcalf, 366 ; Reynolds v. Douglass, 7 Peters, 113 ; Louisville Man. Co. v. Welch, 10 Howard, 474 ; Whitney v. Groot, 24 Wendell, 82. But the insolvency of Franceschi is averred in the complaint ; and this dispenses with the necessity of giving notice of his default, unless the creditor can show probable loss or injury from the want of it.—10 Howard, 474 ; Lawrence v. McAlmont, 12 Peters, 497 ; Farmers' & Mechanics' Bank v. Kercheval, 2 Gibbs, (Michigan,) 504. But, since the complaint averred notice, the reasonableness of the notice was a question for the jury, under proper instructions from the court.

A. J. REQUIER, *contra.*—1. The promise alleged is not a continuing guaranty ; consequently, if the defendant was liable at all, it could only be for the first in the series of debts contracted.—8 Johns. 92. The complaint is defective, in not stating the amount of this debt, nor how or when it was to be paid.—25 Ala. 140. There is no allegation of default as to this first debt ; nor of a demand by the institution of a suit against the principal debtor ; nor of the debtor's insolvency at that particular time.—25 Ala. 140, 151 ; 6 Ala. 749–50.

2. Conceding that the promise is a continuing guaranty, still the complaint is fatally defective. The allegation of the debtor's default is not sufficiently specific to fix the guarantor's liability, the contract being uncertain in its amount.—11 Metcalf, 361 ; 1 Mason, 323 ; 12 Pick. 135 ; 8 *ib.* 423 ; 7 Peters, 126 ; 22 Maine, 175 ; 13 Conn. 28 ; 15 Conn. 457 ; 3 Denio, 512. The alleged notice is obviously unreasonable, and this was a question of law for the court.—22 Maine, 175; 13 Conn. 28 ; Parsons on Contracts, vol. 1, 502; 16 Ala. 747; 17 Ala. 231 ; 4 Ala. 449 ; 1 Chitty, 237 ; Plowden, 361.

STONE, J.—The averments of the amended complaint in this record disclose only an overture, or offer, to guaranty the payment of a debt which M. Franceschi proposed to contract. To render such overture binding as a contract of guaranty, reasonable notice must be given that it is accepted as such, and credit given on the faith of it.—Lawson v. Towns,

2 Ala. 373 ; Russell v. Clark, 7 Cranch, 69 ; Walker v. Forbes, 25 Ala. 139; Mussey v. Rayner, 22 Pick. 224; McIver v. Richardson, 1 Maule & Sel. 557 ; Beckman v. Hale, 17 Johns. 134 ; Dale v. Young, 24 Pick. 250 ; also, Chitty on Contracts, 8th American from 4th London edition, p. 437, note 1 ; Tuckerman v. French, 7 Greenl. 115. This rule as to notice, it seems, does not apply to cases where the guarantor and creditor reside in the same city, and the agreement to accept is contemporaneous with the guaranty.—Forbes v. Walker, *supra.*

2. This is a continuing guaranty.—Mussey v. Rayner, *supra.* In such case, after notice of acceptance has been once given, notice need not be given of each successive advance ; but some authorities hold, that, after the sales are completed, the creditor must give the guarantor timely notice of the several transactions.—Douglass v. Reynolds, 7 Peters, 113 ; Clark v. Remington, 11 Metc. 365.

3. Some of the adjudged cases assert the doctrine, that to create a binding guaranty of a debt afterwards to be contracted, the offer being an open one, the creditor must not only give notice of its acceptance, but must also give notice of the *amount* advanced on the faith of it.—Cremer v. Higginson, 1 Mason, 324; Babcock v. Bryant, 12 Pick. 133; see, also, *dictum* in case of Walker v. Forbes, *supra.* But we hold, that, when an offer of a continuing guaranty, unlimited in amount, has been accepted, and notice of its acceptance given in a reasonable time, it them becomes the duty of the guarantor to guard his interest, and to see that his confidence is not abused. The creditor is not bound to give further notice, until after default of the principal debtor.—Chitty on Contracts, 8th American from 4th London ed., p. 437, note 1.

4. The averments of acceptance of the guaranty in this case, and of notice to the guarantor of such acceptance, are sufficient.

5. The objection specified in the demurrer, that no suit had been brought against the principal debtor, cannot prevail.—Lawson v. Towns, 2 Ala. 373.

6. Another specified ground of demurrer is, that the complaint fails to aver that reasonable notice was given of each of said defaults. The averment is, that sales amounting

to $750 were made, "from the 26th July, 1853, up to 23d August, 1854." The stipulated terms of sale were ninety days credit. Payments were made from time to time ; and on December 1, 1854, the defendant was in default to the extent of $350 ; of which notice was then given to the guarantor. No dates of sales are given, save the two—July 26, 1853, and August 23, 1854 ; nor are we informed of the duration of the intervals, or the amount of any separate sale. The intervals may have been one, three, or six months ; and the several sales unequal in amount. Pleadings are construed most strongly against the pleader—1 Chitty's Pl. 272—and for aught we can learn, the sale of 23d August may have been nominal in amount, while the principal debtor may then have been in default for the chief indebtedness. Creditors are required to give to the guarantor reasonable notice of the default of the debtor. The law does not demand the same strictness as in cases of mercantile paper ; but still the notice must be within a reasonable time.—Dale v. Young, 24 Pick. 250 ; Clark v. Remington, 11 Metc. 365 ; Douglass v. Reynolds, 7 Peters, 113. In this case, the credit was short ; showing that speedy and prompt payments, approximating a cash system, were contemplated. The notice was certainly sufficient to fix liability for the purchase made August 23d, whatever may have been its amount; but the complaint furnishes no data, upon which we can declare the notice reasonable as to any other default.

7. The complaint, then, asserts a valid cause of action for a nominal sum, and for nothing more. What is a nominal sum ? We do not know that we can lay down a certain rule, that will apply in all cases ; as this must, to a considerable extent, depend on the circumstances. We can safely say, however, that in such a case as this, it is less than fifty dollars.

8. The constitution (art. V, § 6) declares, that the circuit courts have original jurisdiction in cases, such as this, "only when the matter, or sum in controversy, exceeds fifty dollars." The Code, (§ 2365,) continuing the law as it had before existed, enacts that, "if suit be brought on any moneyed demand, for a less amount than that of which the court has jurisdiction, the suit must be dismissed." If this cause were remanded, the result must be its dismission out of the circuit

court. We can perceive no benefit that could result from such order, and we decline to make it.

The judgment is affirmed.

RICE, C. J.—I dissent from the views announced in the 6th paragraph of the foregoing opinion, and am in favor of a reversal of the judgment.—See Douglass v. Howland, 24 Wend. R. 35 ; 2 American Leading Cases, (by Hare & Wallace,) 33–100.