## McNEILL'S ADM'R *vs.* COOK & JOHNSON.

[ACTION ON GUARANTY.]

1. *Sufficiency of complaint in action against administrator.*—In an action against an administrator, on a contract made by his intestate in his life-time, a count which does show not that the defendant is administrator is demurrable.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by the appellees, suing as partners, against A. J. Pool, as the administrator of D. S. McNeill, deceased; and was founded on a guaranty, or letter of credit, given by said McNeill in his life-time, which was in these words:

"Mobile, February 5th, 1853.

"I, the undersigned, do by this obligate myself to guaranty and become security to R. J. Cook and E. O. Johnson, (who are doing or going to do a commission business, under the name of Cook & Johnson, in this city,) all debts or liabilities that may be made or contracted by either S. H. McNeill & Co., or S. H. McNeill individually. D. S. McNEILL."

The third and fourth counts of the amended complaint were as follows:

"3. And for that whereas, heretofore, to-wit, on the 5th day of February, 1853, said D. S. McNeill executed his certain other writing, bearing date the day and year last aforesaid, and delivered the same to the plaintiffs, in the words and figures following," &c. "And plaintiffs

aver, that they accepted said instrument when the same was delivered to them, and, relying on the same, and on the guaranty and security therein given, (of which said D. S. McNeill had notice,) advanced a large sum of money on account of the debts and liabilities of said S. H. McNeill & Co., to-wit, the sum of $1,961 61, at different times after the execution of said writing, and by the 9th December, 1853, and to said S. H. McNeill individually, by the 24th February, 1854, $660 90; that some time about the month of December, 1853, or before that time, said D. S. McNeill departed this life; that said S. H. McNeill & Co. and S. H. McNeill individually, at the time said advances were made for the purpose of paying their liabilities as aforesaid, or soon thereafter, were insolvent, and no money could have been made out of them by due course of law; and that said several sums of money, with the interest thereon from the time the several sums composing said amounts were advanced, are now due as aforesaid."

"4. And plaintiffs claim the further sum of $2,307 38, due on a certain written instrument, executed by said D. S. McNeill, and delivered to plaintiffs on the day the same bears date, in words and figures as follows," &c. "And plaintiffs aver, that said instrument was accepted by plaintiffs on the day the same bears date, of which said intestate then and there had notice; that upon the faith and credit of said instrument, they advanced to said S. H. McNeill, on the 7th February, 1853, and at different times thereafter between that day and the 2d April, 1853, the sum of $1,961 90, and to S. H. McNeill individually the further sum of $660 90, at different times between the 7th February, 1853, and the 24th February, 1854; that they advanced and paid out said several sums of money solely on the credit of said instrument; of all which said D. S. McNeill had notice; which sums, with interest thereon, are due and unpaid, and have not been paid by said S. H. McNeill & Co. or S. H. McNeill."

The defendant demurred to the third count, on ten specified grounds, the last of which was, "because it does not show that there was ever any consideration passing

from the plaintiff to the defendant, or that any cause of action existed at the commencement of this suit against the defendant." The judgment entry recites, that a demurrer was . also interposed to the fourth count; but the record nowhere shows what the specified grounds of demurrer were. The overruling of the demurrers to these two counts, with other matters, is now assigned as error.

JNO. D. F. WILLIAMS, for the appellant.

BYRD & MORGAN, contra.

STONE, J.—In neither the third nor the fourth count of the complaint, is there any averment which connects Pool, the defendant, with "said D. S. McNeill," or which shows any right to maintain the action against him. For this reason, the demurrer to those counts should have been sustained, on the authority of Ikelheimer v. Chapman's Adm'rs, at this term.—See, also, Crimm v. Crawford, 29 Ala. R. 623; George v. English, 30 Ala. R. 582.

The other points made by the argument are not so presented as that we can consider them. They are all considered in Cahuzac & Co. v. Samini, 29 Ala. 288.

Reversed and remanded.