# RIGBY *vs.* NORWOOD.

### [ACTION ON GUARANTY OF PROMISSORY NOTE.]

1. *Guaranty of note held within statute of frauds.*—A guaranty endorsed on a promissory note, then past due, in these words, "I guaranty the payment of the within note by the 1st January, 1857," dated October 1st, 1853, is a "promise to answer for the debt, default, or miscarriage of another," within the meaning of section 1551 of the Code.

2. *General charge on evidence.*—Where the written contract declared on, and offered in evidence by the plaintiff, is void on its face under the statute of frauds, the court may instruct the jury, without hypothesis, to find for the defendant.

3. *Requisitions of statute of frauds as to written contracts.*—A contract within the statute of frauds, (Code, § 1551,) to be valid, must not only be in writing, subscribed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized in writing, but must also express the consideration : section 2278, which makes written contracts, when the foundation of the suit, presumptive evidence of a consideration, does not apply to contracts within section 1551.

4. *Sufficiency of complaint on contract within statute of frauds.*—In declaring on a contract within the statute of frauds, it is not necessary that the complaint should show a compliance with the requisitions of the statute.

5. *Presumption of injury from error.*—Where the complaint contains a count on a guaranty of a promissory note, a count on a promise to pay in consideration of forbearance granted to another, and a count on an account ; and a demurrer is erroneously sustained to the first count,—the appellate court will presume injury from the error, and will reverse and remand at the instance of the plaintiff, although the written-guaranty offered in evidence by him, under the other counts, is void on its face under the statute of frauds.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. E. W. PETTUS.

The complaint in this case was as follows :

"Elijah Rigby | The plaintiff claims of the defendant the sum of $2,397 40, due by *vs.* John A. Norwood. | him on the 1st January, 1857, by his guaranty, dated 1st October, 1853, of a promissory note for the sum of $1,806 81, made by James C. Norwood on the 7th March, 1850, and due one day after the date thereof, (with a credit on said note of $300 on the 2d

Rigby v. Norwood.

December, 1850, with interest thereon from said 1st January, 1857.

"And said plaintiff complains of said defendant, and claims of him the further sum of $2,397 40, with the interest due thereon, for that whereas, before and at the time of the making of the promise and undertaking of the said defendant hereinafter next mentioned, one Jas. C. Norwood was indebted to the said plaintiff in a certain sum of money, to-wit, the sum of $1,806 81, with the interest due thereon; and thereupon, heretofore, to-wit, on the first day of October, 1853, at, &c., in consideration of the premises, and that the said plaintiff, at the special instance and request of the said defendant, would forbear and give time to the said James C. Norwood for the payment of the said sum of money, with the interest due thereon, until the 1st January, 1857, he, the said defendant, undertook and then and there faithfully promised to pay him, the said plaintiff, the said sum of $1,806 81, with the interest due thereon. And said plaintiff avers, that he, confiding in the said promise and undertaking of the said defendant, so made as aforesaid, did forbear and give time to the said James C. Norwood for the payment of the said sum of $1,806 81, with the interest due thereon, until the said first day of January, 1857, to-wit, at &c.; whereof the said defendant afterwards, to-wit, on the day and year last aforesaid, then and there had notice; and thereby, according to the tenor and effect of his said promise and undertaking, he, the said defendant, became liable to pay to the said plaintiff the said sum of $1,806 81, with the interest due thereon, on said first day of January, 1857, at to-wit, &c. And said plaintiff avers, that said last mentioned sum of money, with the interest due thereon, is now due and unpaid.

"And said plaintiff claims of said defendant the further sum of $2,397, due from him by account on the first day of January, 1857; which sum of money, with the interest due thereon, is now due."

The court sustained a demurrer to the first count—on what ground, the record nowhere shows. The defendant

pleaded, "in short by consent, 1st, the general issue; 2d, want of consideration, to the second count; and, 3d, the statute of frauds;" and on these pleas issue was joined.

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence a promissory note for $1,806 81, executed by James C. Norwood, dated Mobile, March 7, 1850, and payable, one day after date, to Elijah Rigby or bearer; also, a written endorsement thereon, signed by the defendant, dated October 1, 1853, in the following words: "I guaranty the payment of the within note by the 1st January, 1857." "The plaintiff having closed, the defendant introduced one Berry as a witness, who testified, that he heard the plaintiff say, in the fall of 1853, that the defendant had not received a dollar for his guaranty of James C. Norwood's note—that it was put on the back of the note to prevent it from running out of date, and that he did not think he would make the defendant pay anything, or hold him liable on it. After said Berry had given his evidence, the plaintiff moved the court to exclude it from the jury; which motion the court overruled, and the plaintiff excepted. To show a benefit to the guarantor, the plaintiff proved that, in 1848, the defendant had in his possession a slave named Boykin, the property of said James C. Norwood, (as said James C. said in the presence of said defendant, who did not deny it;) that said Jas. C. was a citizen of California; and that said slave, within the last month, had been seen by him in Cahaba, Dallas county. The court excluded this evidence from the jury, on the defendant's motion, and the plaintiff excepted."

"This being all the evidence in the cause, the court charged the jury, at the defendant's request, 'that if they believed the evidence, they must find for the defendant.' To this charge, also, the plaintiff excepted."

The errors now assigned are, the sustaining of the demurrer to the first count of the complaint, the rulings of the court on the evidence, and the instructions to the jury.

GEO. W. GAYLE, and D. W. BAINE, for appellant.
BYRD & MORGAN, and ALEX. WHITE, contra.

STONE, J.—The obligation of the defendant, which
was read in evidence in this case, was a "promise to
answer for the debt, default or miscarriage of another,"
within section 1551 of the Code, which declares such
agreement void, "unless the agreement, or some note
or memorandum thereof, expressing the consideration,
is in writing, and subscribed by the party to be charged
therewith, or some other person by him thereunto lawfully
authorized in writing."—Brown v. Adams, 1 Stew. 51;
Browne on the Statute of Frauds, §§ 158, 159, 160; Fay
v. Hall, 25 Ala. 704; Shepherd's Digest, 640. In the
present case, the agreement is *in writing, signed by the party
to be charged therewith;* but the agreement or memorandum
does not *express the consideration,* and hence the statute
pronounces it void.

[2.] It necessarily results from what we have said, that
the plaintiff cannot recover on the written guaranty or
endorsement of the defendant, because that guaranty
does not express any consideration. It is thus shown
that the circuit court did not err, either in the exclusion of
evidence, or in the charge to the jury. The evidence
offered was irrelevant and immaterial, because the con-
tract, being void on its face, could derive no aid from the
testimony offered. There was no evidence before the
jury of any liability on the part of the defendant, and
the court could have so instructed them, without invading
any province of theirs. The testimony was in writing.
It consisted of the written contract, which was void on
its face. In such case, a charge directly on the evidence,
without referring its credibility to the jury, is permissible.
Knox v. Fair, 17 Ala. 503.

[3.] The English statute of frauds, 29th Charles II, in
relation to contracts to answer for the debt, default, &c.,
of another, required the "*agreement* upon which the
action is brought, or some memorandum or note thereof,
to be in writing." In the case of Wain v. Warlters,
5 East, 10, it was ruled, that the word *agreement* was more

comprehensive than the words *promise* or *undertaking;* and that it signified " a mutual contract on consideration between two or more parties." It was further held, that the consideration, as well as the promise, should be set down in the writing, and that parol evidence could not be received to supply it.—See, also, Rann v. Hughes, note in 7 T. R. 350; Saunders v. Wakefield, 4 Barn. & Ald. 593, (6 Eng. Com. Law, 531;) Morley v. Boothby, 3 Bing. 107, (11 Eng. Com. Law, 53.)

Our own statute of 1803 (Clay's Digest, 254, § 1) employs the words "*promise* to answer for the debt, default or miscarriage of another person," and does not expressly require the consideration to be expressed in the writing. Under this statute, our predecessors held, that neither the pleadings nor the evidence need affirmatively show that such promise was made or given upon a consideration : that under our statute of 1811, (Clay's Dig. 340, § 152,) the promise imported a consideration, until the presumption was rebutted.—See Thompson v. Hall, 16 Ala. 204, and authorities therein cited.

It will be observed, that the distinction between the English statute and our act of 1803 consists in the substitution by our legislature of the word *promise*, for *agreement* employed in theirs. The case of Wain v. Warlters, *supra*, was made by Lord Ellenborough to hinge on the word *agreement.* See, also, Violett v. Patton, 5 Cranch, 142, (2 Cond. Rep. Sup. Ct. 214;) and authorities collected in Thompson v. Hall, *supra*.

The guaranty declared on in this case was executed after the Code went into operation, January 17, 1853; and it is contended for appellant, that inasmuch as the contract which is the foundation of the suit is in writing, and purports to be executed by the party sought to be charged, it is evidence of the existence of the debt, and that it was made on sufficient consideration.—Code, § 2278. Such is doubtless the general rule on the subject; and if there be nothing on the face of this contract to take this case out of the operation of the general rule, then, in pronouncing on the effect of the evidence, we must concede to the appellant the benefit of

this rule. This argument cannot.be supported, without a practical abrogation of the statute of frauds. Section 2278 cannot apply to contracts which are covered by section 1551, so as to relieve such contracts from the necessity of expressing the consideration.

[4.] The first count of the complaint in this case sets forth a good and valid cause of action, unless the provisions of the Code require the consideration to be averred. The guaranty described is as complete as that which in Donley v. Camp, 22 Ala. 659, was pronounced a binding guaranty of the payment of the note at maturity. The authorities are uniform, that contracts within the statute of frauds need not be averred to be in writing. The question arises on the proof.—See authorities *supra;* Robinson's Adm'rs v. Tipton's Adm'r, 31 Ala. 595; and 1 Chitty's Pl. 303. The same rule was held to apply to *agreements* to answer for the debt, default or miscarriage of another, which, under the rule, were required to be in writing, expressing the consideration. Under these principles, we feel bound to declare the first count in the complaint good.

[5.] It may be that the plaintiff has not been injured by the action of the court in sustaining a demurrer to the first count in his complaint. If the evidence he gave on the former trial be the only claim he has against the defendant, he certainly has not been, as he manifestly never can recover on that contract. We do not, however, feel authorized to assume that each count was for one and the same cause of action. We have been referred to no case which authorizes us to apply the doctrine of error without injury to such a case, and we are unwilling.to establish such a precedent. It might, in some cases, work the greatest hardship.

For the error in sustaining the defendant's demurrer to the first count of the complaint, the judgment of the circuit court is reversed, and the cause remanded.