## PUCKETT v. BATES.

1. Where B. contracts with K. to build a house for such price as was customary, and proceeded with the work, and afterwards K. left the State, whereupon P. promised verbally to pay B. according to the contract if he would go on, and finish the work ; this promise is collateral, and cannot be enforced under the statute of frauds. *Quere*, as to how the law would be if the contract between B. and K. was repudiated before the promise by P.

WRIT of Error to the Circuit Court of Sumter County.

Bates declared against Puckett on the common counts for work and labor, and for materials furnished in erecting a house. A verdict was found as upon issue joined, and judgment rendered thereon for the plaintiff.

The defendant had a bill of exceptions sealed at the trial, which discloses the following facts. Bates had contracted with one Kelly, to build a house for Kelly in Payneville, in Sumter county, for which Kelly agreed to pay as much as the house should be worth at the rate of charges usual in said county. Bates commenced the work, and while it was progressing, and before its completion, Kelly left the State and went to Louisiana. After Kelly left the State, Puckett promised verbally to Bates, if he would go on to do the work as he had engaged with Kelly to do it, he, Puckett, would pay him therefor.

On this evidence the defendant asked the Court to charge

the jury, that if they believed the plaintiff contracted originally only with Kelly, then the defendant was not liable unless his promise to the plaintiff was in writing. This charge was refused and the jury were instructed that if, from the evidence, they believed that the defendant agreed to stand in the place of Kelly, he would be liable to the plaintiff for all the work done by him on the house, although his agreement was not in writing.

The defendant excepted, and prosecutes his writ of error to reverse the judgment.

GREEN, for the plaintiff in error, cited Larson v. Wyman, 14 Wend. 246; Watson v. Randall, 20 id. 201; Tompkins v. Smith, 3 S. & P. 54.

HAIR, contra.

GOLDTHWAITE, J.—The cases upon the clause of the statute of frauds, which relate to promises to answer for the debt, default or miscarriage of another, are said to relate either to the nature of the *undertaking* or to the nature of the *consideration* on which the undertaking is founded.

The principal distinction, with respect to the undertaking, recognized by the Court, is between one that is *original* and one that is *collateral*. The law is certainly well established that if the person for whose debt, default or miscarriage the undertaking is made, be liable at all so that the whole responsibility does not rest upon the second promissor, the second promise is *collateral*, and is void by the statute if not reduced to writing. Many of the cases to establish this doctrine are collected in the note to Leonard v. Vredenbourg, [8 John. 23.]

On the other hand, if no other person is liable for the same debt, &c. for which the promise is made, although another may be liable for a distinct debt, which is the measure of that in question, then the undertaking is an original one, and is not within the statute. The cases which exemplify this distinction are also collected in the same note.

These seem to be cardinal rules in the exposition of the statute of frauds, and are sufficient to enable us to decide the pre-

sent case. It appears that the contract was originally made between Kelly and Bates, and that the work was performed by the latter, in conformity with this contract. After the work was commenced, and whilst it was progressing, but before its completion, Kelly left the State, and Puckett then promised he would pay if Bates would proceed with the work.— It is certain that Bates has his action against Kelly under this state of proof, and therefore, within the first rule as set out, the promise of Puckett must be considered as collateral. It is also certain that Kelly is liable for the *same* debt as that now sought to be enforced under the verbal promise, and the payment by Puckett would be a discharge of all claim by Bates against Kelly.

If the evidence in the Court below had been such as to show that Bates repudiated his contract with Kelly, after the latter had abandoned the State, if such indeed is the fact, and had refused to proceed farther with the work, then he would have been responsible to Kelly for a breach of the contract; and if after such repudiation, Puckett procured him to proceed with and finish the work, we are not prepared to say that this would not be an original undertaking on his part; or that he would not be liable for any verbal promise connected with it. In such a case it is probable there would be no liability retained against Kelly, and therefore there could be no pretence that the promise by Puckett would be collateral to any other.

Our conclusion is that the judgment must be reversed and the cause remanded.