# BATES v. STARR.

1. A writing in these words, and signed J. D. S., viz: "Mr J. S. will apply to you for the rent and disposal of your building, now in charge of D. M.: any arrangement he can make with you as regards renting the same, I will be responsible for," is a direct and positive promise to pay, if the persons addressed would rent the house to J. S., and an action may be maintained thereon against D. J. S., without the necessity of a notice, or demand as required in case of a guaranty.

2. *Quere ?*—Where the declaration correctly describes a writing, and is founded on it, if insufficient to support an action, should not the defendant demur; and if the cause is submitted to a jury on the plea of *non assumpsit*, can the writing be excluded, if correctly described, on the ground that it does not tend to establish a legal liability.

WRIT of error to the Circuit Court of Barbour.

This was an action of assumpsit at the suit of the plaintiffs in error against the defendant. The declaration contains two counts; in the first, it is stated that the plaintiffs being the owners of a store-house in the town of Irwinton, the defendant on the fourth of October, 1841, sent one John Searll to rent the same, and promised them that any contract Searll might make for the renting and disposal of the store-house, he, the defendant, would be responsible for. It is then averred, that in consideration of the defendant's promise, the plaintiffs rented the house to Searll at eight dollars per month, from the fourth day of October, 1841, to the second day of December, 1842. By means whereof, the defendant became liable to pay, &c.

The second count alleges, that the defendant was indebted to the plaintiffs in the sum of one hundred and eleven dollars and forty-six cents, for the rent of a store-house in Irwinton, to John Searll, at the special instance and request of him, the defendant on the fourth day of October, 1841; and in consideraton thereof, &c.

The cause was tried upon issues to the pleas of non assumpsit, payment and failure of consideration. To make out his case, the plaintiffs offered in evidence a writing of the following tenor:

Messrs W. & Geo. Bates.  Irwinton, Oct. 4, 1841.  Gent.

88

Mr John Searll will apply to you for the rent and disposal of your building, now in charge of David McPhail: any arrangement he can make with you as regards renting the same, I will be responsible for. In haste, Gent. yours truly,

H. D. STARR."

To the admission of this paper, the defendant objected, on the ground that it was merely a letter of credit; and without proof, showing that the plaintiffs had demanded the rent of Searll, and payment had been refused by him, they could not recover. The objection was sustained, the evidence excluded, and thereupon the plaintiffs excepted, and their exception is duly certified.

J. A. CALHOUN, for the plaintiffs in error.

J. COCHRAN, for the defendant.

COLLIER, C. J.—The only question in this case is, whether the undertaking of the defendant is an original and direct promise to pay the plaintiffs so much as Searll might agree should be the price of the rent of their store house, or was it collateral to, and dependent upon the non-performance of a contract made with Searll on his own account. It is insisted for the defendant, that Lawson, et al. v. Townes, Oliver & Co. [2 Ala. Rep. 373,] is a case in point, and fully sustains the decision of the circuit court.— In that case, the defendants gave a recommendation in writing, to a third person, addressed to "whom it may concern," stating his desire to purchase a stock of liquors, &c. and concluding with a warranty of the fulfilment of his contract." "This court considered the writing a letter of credit and guaranty, and to charge the persons subscribing it, notice should have been given of the sale of the goods, and the demand of payment of the primary debtor.

In Chase v. Day, [17 Johns. Rep. 114,] the defendant said to the plaintiff, if he would let his nephew have newspapers to sell, &c. he would be responsible for the papers he should take: Held, that this was an original contract; for the credit was wholly given to the defendant, who made the promise. It is of the essence of a guaranty, that there should be a principal debtor, for it is a collateral engagement for another. [Chitty on Con. 397.] But if a third person be not liable, or the defendant be liable with him jointly, then the promise will be considered as primary, and not accessorial. [Chitty on Con. 408.]

In the case before us, the defendant informs the plaintiffs, that Mr. Searll would apply to them for the rent of their building, then in charge of David McPhail, and promises to be responsible for any arrangement, he may make in respect to renting the same. Here is a direct promise to be responsible for the payment of the rent, not to answer for the default of Searll. In fact, it cannot be assumed from the writing, that the latter wanted the house for his own use, or that it was expected any credit should be given to him by the plaintiffs. From any thing appearing to the contrary, Searll may have been employed by the defendant as an agent to procure the house for him. But be all this as it may, the engagement of the defendant does not depend upon the non-performance of a contract by another, but the terms employed are equivalent to a direct and positive promise to pay, if the plaintiffs would rent the house to Searll. This was done, and the defendant's liability thereby fixed, without the necessity of a notice or demand, as required in the case of a guaranty.

We have not thought it necessary to consider the form of the counts in the declaration, yet it seems to us that the writing could not have been excluded under the first; for that count describes it, and the legal question presented on the bill of exceptions, should have been raised on demurrer. But without adding more, it is clear that the circuit court erred in excluding the evidence from the jury; its judgment is consequently reversed, and the cause remanded.