## OLIVER v. HIRE & LE BARRON.

1. A written direction by O, to H & L, to let B have, on account of F, a hundred dollars worth of groceries, and "I will pay the same when I come to Pensacola, which will be shortly," creates a direct liability on O to pay the debt, if the articles are furnished to B.

Error to the Circuit Court of Macon.    Before the Hon. Geo. Goldthwaite.

ACTION of assumpsit.    The facts appear in the opinion of the court.

DOUGHERTY, for plaintiff in error.

1. The question, whether a promise is original or collateral, depends not so much on the particular words of the promise, as on the circumstances of each case, and the general features of the transaction.    Chit. on Con. 508, last ed.; Pitman on Pr. and S. 40; Law Lib. 35, and note 9; Bell v. Bruen, 1 How. U. S. 169.

2. It is insisted, that in this case, the promise is *prima facie* collateral, and consequently, that the court erred both in refusing, and giving the charges, as set forth in the bill of exceptions.    Cutler v. Hinton, 6 Rand. R. 509; Leland v. Creyon, 1 McC. 100; Matthews v. Milton, 4 Yerger, 576; Meade v. McDowell, 5 Binney, 195; Parsons v. Walter, 3 Dougl. 14, note c; Babcock v. Bryant, 12 Pick. 133; Cahill v. Bigelow, 18 Pick. 369; Hunt v. Smith, 17 Wend. 179; Pitman on Pr. and S. 40; Law Lib. 30, note 6.

It is evident that Oliver intended the credit to be given to Forest—1. Because he says "on account of A. J. Forest," which would be surplusage, under a different construction. 2. Because it is clearly implied on the face of the instrument, that Baggett was the agent of Forest, and not of Oliver, and also that the plaintiffs well knew who Forest was. 3. Because the particular kind of groceries is not specified, but the selection left to the agent of Forest.    4. Because a period of five years appears to have elapsed, without demand on Oliver, from 1839 to 1844.

The words, "I will pay the same," &c. are not conclusive against Oliver.    The nice distinctions drawn in Burkmire v. Darnell, Holt, 606, and in Watkins v. Perkins, 1 Ld. Raym. 224, are now overruled, as will be seen by reference to note 9, on p. 35, of Pitman, *sup.*

CHILTON, J.—The plaintiff in error, who was the defendant below, was sued upon a writing as follows:

" Sparta, June 17th, 1839.    Messrs. Hire & Le Barron : Gentlemen :  If you will let Mr. Baggett have on account of A. J. Forest, one hundred dollars worth of groceries, I will pay the same when I come to Pensacola, which will be shortly.    Your attention to the above will be thankfully received.    Please let him have at cash prices.    Yours, respectfully,      (Signed)                         WHITING OLIVER."

The above writing having been read to the jury, the counsel for the defendant below asked the court to charge, that the undertaking evidenced by said paper was not an original, but was merely a collateral undertaking.    This charge the court refused, but charged the jury, that in the absence of other proof showing the undertaking was collateral, they should regard it as original.    We are of opinion there was no error in this charge.    The request to furnish $100 worth of groceries to Baggett on account of Forest, for which the defendant below promised shortly to pay, creates a direct liability on him in the first instance to satisfy the debt.    Baggett was to get the goods for Forest, but Oliver agreed to pay for them.    They were not purchased to be paid for by Forest—were not to be charged to him.    The credit was evidently given to Oliver, who promised to pay, not on condition that Forest should make default, but absolutely, and at all events.    This is a stronger case than Bates v. Starr, 6 Ala. Rep. 697, where the defendant engaged to be responsible to the creditor for any arrangement which he might make with a third party respecting the rent of a building, and in that case, held the agreement created a direct, not a collateral liability.

The judgment is affirmed.