# Horton v. The State.

## *Indictment for Forgery.*

1. *Indictment; common law rule as to, how modified by statute.*—The common law rule that an indictment must not charge a party disjunctively, so as to leave it uncertain what is relied on as the accusation against him, has been modified by our statutes in the three cases mentioned in sections 4123, 4124 and 4125 of the Revised Code.

2. *Joinder of offenses in the same count; when count sufficient.*—The purpose of the statute authorizing the joinder of several offenses in the same count being to dispense with a multiplicity of counts, permitting one, by al-

[Horton v. The State.]

ternate averments of different offenses, to serve the purpose of several, each alternate averment must present an indictable offense, or the indictment is insufficient, as at common law a separate count, not presenting an indictable offense, would be bad.

3. *Indictment; when insufficient.*—When the statute creating or defining an offense uses a general term, succeeded or preceded by terms more specific or precise, an indictment using only the general term is insufficient.

4. *Same.*—An indictment for forgery which avers that the instrument was, or purported to be, the act of the person by whom it was, or purported to be, signed, is bad on demurrer.

5. *Forgery; what subject of.*—An order as follows: "Mr. McD., let A have the amount of five dollars in goods, and I will settle with you next week. Violet Pond," if genuine, would be an instrument which would create a pecuniary demand; but is not an order for the delivery of goods, or bond, bill single, or receipt of any character, within the meaning of section 3702 of Revised Code.

6. *Evidence; what inadmissible.*—Evidence that the supposed drawer of the writing refused to pay it, and said she did not give it or authorize it to be given, is mere hearsay, and for that reason inadmissible.

7. *Same; what admissible.*—The testimony of a deceased witness, taken down in writing under the direction of the committing magistrate, and subscribed, on the preliminary examination of the accused, charged with a criminal offense, if it contain all the witness testified to, is admissible evidence against the accused on a trial of an indictment for that offense.

APPEAL from Circuit Court of Coosa.

Tried before Hon. JOHN HENDERSON.

The appellant was tried and convicted under an indictment, the first count of which charged that " he altered, forged, counterfeited, or totally obliterated, an order for the delivery of goods, or other instrument in writing, by which a right or interest in property is or purports to be transferred, conveyed, changed or affected, or bond, bill single, bill of exchange, promissory note, or endorsement thereon, in the following words and figures, to wit : 'Mr. McDonald, please let Armistead have to the amount of five dollars in goods, and I will settle with you next week. Yours truly, Mrs. Violet Pond.' "

The second count charged that defendant " falsely made, altered, forged, or counterfeited, an order for the delivery of goods, cotton receipt, receipt for the payment of money, or instrument in writing, being, or purporting to be, the act of Mrs. Violet Pond, by which a pecuniary demand or obligation is, or purports to be, created, increased, discharged, or diminished," setting out the same instrument as in the first count. The intent to defraud Thomas S. McDonald is averred in both counts.

On the preliminary examination of the accused, Mrs. Pond's testimony was taken down in writing and subscribed by her. The magistrate testified that defendant had opportunity to have cross-examined her if he had so desired, and a witness who took down her testimony testified that defend-

[Horton v. The State.]

ant did cross-examine her. She having died before trial, her testimony, taken as above stated, was admitted in evidence against the objection and exception of defendant.

On the trial the court permitted the witness McDonald to testify that when he called on Mrs. Pond for the payment of the order, she denied having given it, or authorized it to be given. To this testimony the defendant objected, but the court overruled the objection and permitted the testimony to go to the jury, and he excepted. The record recites that a demurrer was interposed to the indictment, which was overruled by the court.

George F. Moore and Lewis E. Parsons, jr., for appellant.—The demurrer to the indictment should have been sustained, if either of the alternate averments failed to charge an indictable offense, and in this case the indictment avers that the instrument " was, or purported to be," the act of the person by whom it "was, or purported to be," signed. If it was her act, it was not the false and fraudulent act of the defendant. The evidence of what Mrs. Pond said, when called on to pay the order, was mere hearsay, and clearly inadmissible. The written testimony of Violet Pond, as taken down by the magistrate, should have been excluded, because it is the right of the accused to have the witness when the jury can see the manner of testifying, to judge of the truth and weight to which the evidence of the witness is entitled. It is the clear constitutional right of the defendant to be " confronted " at his trial, by all the witnesses against him, and the admission of this testimony was a clear denial of this right to the defendant.

John W. A. Sanford, Att'y Gen., contra.—The indictment charges the offense of forgery in the second degree. R. C. § 3702. The facts alleged constitute this degree of the crime and none other. The verdict of the jury is therefore sufficient. Blount v. State, 49 Ala. 384; Brown v. State, 52 Ala. 338.

No injury was sustained by the defendant on account of the admission of McDonald's testimony, even though it was hearsay, because the very same facts were proved by other competent evidence. The admission of the deposition of the deceased witness, taken before the committing magistrate, in the presence of the accused, who cross-examined her, was altogether proper. Roscoe Crim. Ev. (5 Am. Ed.), p. 69; Davis v. State, 17 Ala. 354, and authorities there cited.

[Horton v. The State.]

BRICKELL, C. J.—The Revised Code, omitting the forms of indictment for forgery prescribed by the Code of 1852, furnishes no form of an indictment for that offense. Nor is there any specific provision as to the constituents of an indictment, except when the vicious instrument has been destroyed, or is withheld by the act or procurement of the defendant; then, affirming the rule of the common law, a misdescription of the instrument is not fatal. R. C. § 4131. An indictment for the offense must therefore conform to the common law, except as it is changed by the general statutory provisions in reference to all indictments. *Johnson* v. *State*, 32 Ala. 583; *Jones* v. *State*, 50 Ala. 161. The general statutory provision in reference to the statement of the offense in the indictment is: "It must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment," &c. R. C. § 4112. An indictment conforming to this statute in the statement of the offense would have been good at common law. The special matter of the whole fact would be set forth with such certainty that the offense, its character, and the punishment the law awarded on conviction, would have judicially appeared to the court. No greater or less degree of certainty was required, nor was needless prolixity or repetition an essential of an indictment. Whether an indictment is or not certain in its statement of the offense, must still be determined by consulting the rules of the common law, except in so far as these have been varied by other statutory provisions. It is a rule of the common law, without an exception, so far as I have discovered, that an indictment must not charge a party disjunctively so as to leave it uncertain what is relied on as the accusation against him. The rule was often announced by this court, and indictments, prior to the Code, condemned as obnoxious to it. The Code authorizes alternative or disjunctive averments in indictments in three cases. The first is, "When the offense may be committed by different means, or with different intents, such means or intents may be alleged in the same count in the alternative." R. C. § 4123. The second is, that "When an act is criminal, if producing different results, such results may be charged in the same count in the alternative." R. C. § 4124. The third is, "Where offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same

[Horton *v.* The State.]

count in the alternative." R. C. § 4125. An apparent purpose of these several provisions is to obviate the necessity of a multiplicity of counts, permitting one count to serve the purposes accomplished by several at common law; and this, perhaps, was all it intended they should accomplish. An indictment for homicide must have averred the means by which death was caused, and could not aver them in the alternative; for instance, that it was by poison, or starvation, or strangling, or stabbing, or shooting; that death was produced by either of these means must have been averred in separate counts; and if averred disjunctively or alternatively in the same count, the count was bad. The intent in burglary must have been averred—that is, the specific felony it was intended to commit, whether to steal, murder, or ravish. These could be averred in separate counts, but not disjunctively in the same count. The statutory provision would, in an indictment for homicide, authorize the alternative averment of the means of producing death; or in an indictment for burglary, of the intent, in the alternative, to commit several felonies, if the forms of indictment prescribed for these offenses, which are accepted as statutory, were not otherwise framed.

At common law, it was permissible to join in the several counts of an indictment offenses of the same character, and subject to the same punishment. If thereby the accused was embarrassed in his defense, it was within the discretion of the court to compel the prosecutor to select one offense, or one count, and confine himself to that. The statute (R. C. § 4125), then, simply authorizes the alternative averment of such offenses in one count, instead of the positive averment of each in separate counts.

The indictment in this case is found under section 3702, R. C., and is in the disjunctive in all its averments—is very nearly a recital of the statute on which it is founded, with all the alternatives made by it criminal. Specifying in one count the false making, alteration, forgery, counterfeiting, or total obliteration of an order for the delivery of goods, it proceeds, "or other instrument, &c., by which a right or interest in property is, or purports to be, transferred, conveyed, changed or affected, *or* bond, bill single, bill of exchange, promissory note, or endorsement thereof, which is in the words and figures following," setting out an instrument which, if valid, would have authorized the person to whom it is addressed to sell five dollars worth of goods to another, on the credit of the person by whom it purported to be written. The other count avers the false making,

[Horton v. The State.]

alteration, forgery, or counterfeiting an order for the delivery of goods, cotton receipt, receipt for the payment of money, or instrument in writing, being, or purporting to be, &c., by which a pecuniary demand or obligation is, or purports to be, created, increased, discharged or diminished, setting out the same instrument as in the first count. The intent to defraud Thomas S. McDonald is averred in each count, through a general averment of such intent, without naming any particular individual, would have been sufficient.  *Jones* v. *State,* 50 Ala. 161; R. C. § 4126.  The indictment is manifestly bad, unless it can be supported under the provision of the Code last referred to, authorizing the joinder of several offenses in the same count.

As the purpose of this provision is to dispense with a multiplicity of counts, permitting one, by alternative averments of different offenses, to serve the purposes of several, it follows that each alternative averment must present an indictable offense, or the indictment is insufficient, as at common law the separate count, not presenting an indictable offense, would be bad.  The count being in this respect bad in part, it is bad in the whole.  *Johnson* v. *State,* 32 Ala. 583; *Burdine* v. *State,* 25 Ala. 60.  The description of the instrument in one of the alternative averments of the first count, by the words "or other instrument by which a right or interest in property is, or purports to be, transferred, conveyed, changed or affected," certainly presents an alternative on which the defendant could not be convicted. These are the general words of the statute, preceded by the more specific terms, "any will of real or personal property, or any deed, conveyance," &c.  The instruments embraced by the general words employed in the alternative averment to which we refer, are instruments of the like kind with those specially mentioned—instruments of conveyance or charge on property, and not instruments of the kind specially mentioned in the subsequent parts of the statute.  The instruments subsequently mentioned in the statute specifically are bond, bill single, bill of exchange, promissory note, or any endorsement thereof, &c., or cotton receipt, or receipt for the payment of money; all of which either create, increase, discharge or diminish a pecuniary demand or obligation, and are followed by the general words forming one of the alternative averments of the second count, "or instrument of writing, by which any pecuniary demand or obligation is, or purports to be, created, increased, discharged or diminished."  No rule of criminal pleading ought to be more familiar to the profession in this St e

than that when in a statute creating or defining an offense a general term is used, preceded or succeeded by terms more specific or precise, an indictment using only the general term is not good. Such has been the ruling since the case of *State* v. *Plunket*, 2 Stew. 11. In each count there is therefore an alternative averment insufficient for conviction, and each was subject to the demurrer.

The indictment is subject to a demurrer, because it avers the instrument was, or purported to be, the act of the person by whom it was, or purported to be, signed. If it was her act, it was not the false and fraudulent act of the defendant. 2 Bish. Cr. Pr. § 417. The indictment is uncertain and confused in all its statements—the result of an attempt to follow the exact words of the statute, though not necessary to an averment of the offense really intended to be charged. The instrument is not properly designated by any of the terms employed. It is an instrument by which, if genuine, a pecuniary demand would be created; but it is not an order for the delivery of goods, or a bond, bill single, promissory note, or receipt of any character. It is a mere authority to one to sell and another to purchase goods, on the credit of the drawer, which when executed creates a debt due only from the drawer. *Oliver* v. *Hill & Le Barron*, 14 Ala. 590; *Scott* v. *Moore & Myatt*, 24 Ala. 489; *Sanford* v. *Howard*, 29 Ala. 684. We are aware that in *People* v. *Shaw*, 5 Johnson, 236; and in *Commonwealth* v. *Fisher*, 17 Mass. 49, similar instruments were regarded as an order for the delivery of goods, within the meaning of their statutes specially designating such an order as one of the subjects of forgery.

A different construction of the English statute was adopted, in which the same words were held to import that the person giving the order had or claimed goods which were to be transferred to the custody of the person in whose favor the order was drawn. 2 East's Crown Law, 936. The decisions to which we have referred fix the character of such a writing here, and distinguish it from an order for the delivery of goods. Though the indictment sets out the instrument *in hæc verba*, it is nevertheless inconsistent and repugnant in averring it is an instrument of another and different character from its real character. If the simple forms appended to the Code of 1852, Nos. 39, 40, 41, and the forms to be found in the books on criminal pleading generally, are consulted, an indictment may easily be framed clearly and intelligibly presenting the offense imputed to the accused.

The evidence that the supposed drawer of the writing re-

[*Ex parte* McAnally.]

fused to pay it, and said she did not give it, or authorize it to be given, was mere hearsay, and inadmissible.

On a preliminary examination before a committing magistrate of one accused of a criminal offense, the statute requires the testimony of the witnesses to be reduced to writing by the magistrate, or under his direction, and signed by them respectively. R. C. § 4009. The examination must be in the presence of the defendant, and he has the full right of cross-examination, and of introducing witnesses on his own behalf. R. C. § 4007. It is a very general principle, applicable alike to civil and criminal cases, that the testimony of a deceased person, examined on oath on a former trial, is admissible on a second trial of the same action. 1 Phill. Ev. 369. The principle applies to the testimony of a deceased witness, taken on the preliminary examination, of an accusation for a criminal offense, before a committing magistrate. *Thorp* v. *State*, 15 Ala. 749. *Davis* v. *State*, 17 Ala. 354. Within this principle, the evidence of the deceased witness was properly admitted, if, as we infer from the vague recitals of the bill of exceptions, the written memorandum made under the direction of the justice contained all her evidence.

For the errors noticed, the judgment must be reversed and the cause remanded, the defendant to remain in custody until discharged by due course of law. The execution of the sentence does not appear to have been suspended by the circuit court. If the defendant is confined in the penitentiary, or has been delivered to the warden under the sentence of the circuit court, the warden must, on being furnished with a copy of this order, surrender the defendant to the sheriff of Coosa county.