(84 South. 560)

## BREWER v. HOME SUPPLY CO.
### (8 Div. 631.)

(Court of Appeals of Alabama. Nov. 11, 1919.
Rehearing Denied Dec. 16, 1919.)

1. FRAUDS, STATUTE OF ☞26(1) — WHERE CREDIT WAS EXTENDED TO DEFENDANT, HIS PROMISE TO PAY IS NOT A "PROMISE TO ANSWER FOR DEBT OR DEFAULT OF ANOTHER."

Where credit for goods delivered to others was extended solely on promise of defendant, such promise to pay is an original one, not within the statute as one to "answer for the debt or default of another."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promise to Answer for Debt, Default, etc.]

2. FRAUDS, STATUTE OF ☞158(4)—EVIDENCE HELD TO WARRANT FINDING THAT CREDIT WAS SOLELY EXTENDED TO DEFENDANT.

In an action for goods sold, which were delivered to persons other than defendant, evidence *held* to warrant a finding that credit was extended solely to defendant.

3. TRIAL ☞258(1) — GIVING OF REQUESTED INSTRUCTION CONTAINING MISSPELLED WORD NOT ERROR.

In an action for goods sold, which were delivered to persons other than defendant, giving of requested instruction declaring that, if the goods were sold on defendant's "sold" credit, verdict should be for plaintiff, is not erroneous because of misspelled word.

Appeal from Circuit Court, Lawrence County; O. Kyle, Judge.

Action in assumpsit by the Home Supply Company against J. H. Brewer. Judgment for plaintiff, and defendant appeals. Affirmed.

Charge A, given for plaintiff, is as follows:

If you are reasonably satisfied from the evidence in this case that the goods in question were sold to L. and P. Brewer and Isom Sparks by plaintiffs on the sold credit of the defendant, your verdict should be for the plaintiff.

G. O. Chenault, of Albany, for appellant.

Pretermitting all other questions, the order was void, and not binding upon the defendant. Section 4289, Code 1907; 110 Ala. 139, 20 South. 123; 127 Ala. 242, 28 South. 665; 124 Ala. 388, 27 South. 458; 101 Ala. 630, 14 South. 407.

W. T. Lowe, of Decatur, for appellee.
No brief reached the Reporter.

MERRITT, J. This is an action by Home Supply Company, a partnership composed of certain named parties, against J. H. Brewer, Luther Brewer, Pinkney Brewer, and Isom Sparks, and is an action of assumpsit on the common counts—first, upon an open account;

second, upon an account stated; and, third, for goods, wares, and merchandise sold. There were certain pleadings in the case, and the complaint was finally amended by striking out all parties defendant except J. H. Brewer, and the defendant Brewer pleading in short by consent the general issue, payment, statute of frauds, and set-off, and these were the issues upon which the case was tried. The real contention in the case is mainly the statute of frauds; that is:

"That the alleged contract on which the suit was brought is a parol promise to answer for the debt, default, or miscarriage of another, and that neither such agreement, nor any note or memorandum thereby [thereof] expressing the consideration is in writing, subscribed by the party charged therewith, or some other person by him thereunto lawfully authorized in writing."

[1] It has been settled and is well understood, in cases like this, that if the goods were sold on the sole credit of the defendant his promise is original, and not within the statute, but if any credit was given to the person to whom the goods were delivered, the promise is collateral and within the statute of frauds. Pake v. Wilson, 127 Ala. 240, 28 South. 665; Fuller v. Gray, 124 Ala. 388, 27 South. 458; Webb v. Hawkins Lumber Co., 101 Ala. 630, 14 South. 407.

[2] Whether the obligation of the defendant was of the one or other character is a question of evidence. Plaintiff's testimony shows that Luther Brewer and Pinkney Brewer were sons of the defendant; that Luther Brewer was a minor; that Luther Brewer, Pinkney Brewer, and Isom Sparks were all three farming on the land of J. H. Brewer in the year 1914, the year in which the goods are alleged to have been sold. The witness Bracken, a member of the plaintiff copartnership, testified, speaking of the account of Luther and Pinkney Brewer and Isom Sparks:

"He first came to me arranging for the purchase. About the time the accounts were opening up he said to keep each separately, so he could see what each got, and then he would settle up for them; the credit was extended to him."

The witness further testified he did a part of the bookkeeping at the time the goods were sold; that defendant instructed him as to how to make the charges, "so the items would show who got them."

The witness McCarty, also a member of plaintiff copartnership, testified that, before any goods were sold to these people (Luther and Pinkney Brewer and Isom Sparks), he had a conversation with defendant, in which he said:

"Pinkney was wanting to trade with us; as he was a minor, I wanted his consent. He said

he had to arrange for his boys and Mr. Sparks, and he would just as soon we would furnish them, and he would see that it was paid, and he told us to keep the accounts separately, so he would know how much each one was getting, and we kept them separately."

At the very conclusion of this witness' testimony, after direct and cross examination, he said:

"These goods were sold at J. H. Brewer's directions. We were extending credit to him in making these sales."

And the witness later, being recalled, testified, in speaking of an original book entry made by him in regard to the sale and charge to Pinkney Brewer of a jumper and overalls:

"I went to see J. H. Brewer personally about the matter, and he said, if I would sell the goods to his son, he would see that it was paid; this was before the account was opened up."

Of course the testimony of the plaintiff's witnesses ·was denied in the main· by the defendant, Luther Brewer, Pinkney Brewer, and Isom Sparks, and while we may say that some portions of the testimony of the plaintiff's witnesses were not clear as to whom credit was extended, yet we think it reasonably inferable, after taking the plaintiff's testimony as a whole, and considering it in all its phases, and with all the circumstances brought out, attached to, and surrounding the transactions, that it was a question for the jury to decide, and that the court did not commit error in refusing to set aside the verdict of the jury and grant the defendant a new trial. Luther and Pinkney Brewer were defendant's sons, one a minor, and Isom Sparks his tenant, and all working defendant's land, and these were circumstances that the jury might consider along with the other evidence in the case, and while the debiting of a third party on the plaintiff's books may be given in evidence, yet such evidence is not conclusive against the right of plaintiff to recover. The names in the debiting in this case, according to plaintiff's testimony, were for the convenience of the defendant, and according to his instructions.

The court in its charge to the jury ably stated the law that should govern them in their deliberations, and the contention of the defendant and the plaintiff from the testimony was clearly and concisely stated, and the court did not commit error in refusing to give the written charges requested by defendant, nor in giving the written charges given for the plaintiff.

[3] Charge No. A, given at the request of the plaintiff, is a correct statement of the law governing the facts in this case, and the court will not be declared to be in error in giving the same, because the letter "d"

was used in spelling the word "sole," instead of the letter "e." To say the least, the word as spelled was idem sonans, and we fail to see how this charge as given could have been misleading.

Other assignments of error are not insisted upon in appellant's brief.

Let the cause be affirmed.

Affirmed.