(108 So. 9)

### EDWARDS v. BRYAN. (3 Div. 727.)

(Supreme Court of Alabama. March 18, 1926. Rehearing Denied April 22, 1926.)

1. Frauds, statute of ⬾23(1)—Cashier's undertaking to be responsible for deposit held collateral, where bank's liability continued to exist and cashier's was limited to happening of contingency.

Undertaking by bank's cashier and principal stockholder, " * * * I am * * * responsible to E. for his time deposit * * * until the contemplated business matters have been perfected in the sale and issue of stock has been made," was collateral, since bank's indebtedness continued to exist and cashier's liability was limited to happening of contingency.

2. Frauds, statute of ⬾108(3)—Collateral undertaking to be responsible for bank's liability to depositor was unenforceable, where no consideration was expressed.

Collateral undertaking of bank cashier to be responsible to depositor for bank deposit was unenforceable, no consideration having been expressed therein.

#### On Rehearing.

3. Frauds, statute of ⬾33(2)—Where benefit to stockholder in return for promise to be responsible for bank deposit is remote, undertaking is collateral.

Agreement to leave money on deposit in bank is remote and incidental benefit to cashier and stockholder; hence, it will not suffice to change his agreement to be responsible for deposit from collateral to original undertaking.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action by C. W. Edwards against W. J. Bryan. Plaintiff takes a nonsuit, and appeals from adverse rulings on evidence. Affirmed.

Leon G. Brooks, of Brewton, for appellant.

The instrument in suit was an original and direct agreement on the part of the defendant to pay the plaintiff the amount of his deposit in the bank. Bates v. Starr, 6 Ala. 697; Scott v. Myatt, 24 Ala. 489, 60 Am. Dec. 485; J. Zimmern v. Granade, 102 So. 210, 212 Ala. 172. If a promise to pay the debt of another is founded upon a new and distinct consideration, it is not within the statute. 27 C. J. 147; Uvalde Bank v. Brooks (Tex. Civ. App.) 162 S. W. 957; Goodling v. Simon, 54 Pa. Super. Ct. 125; Gillis v. Brown, 53 Can. C. 557.

Hybart, Hare & Rankin, of Brewton, for appellee.

The liability of the bank continued to exist, and the obligation of defendant was collateral. No consideration is shown by the instrument, and no recovery can be had. Boykin v. Dohlonde, 37 Ala. 577; Lehman v. Levy, 69 Ala. 48; 25 R. C. L. 496; Clark v. Jones, 4 So. 771, 85 Ala. 127; Rigby v. Norwood, 34 Ala. 129; Lindsay v. McRae, 22 So. 868, 116 Ala. 542; Hood v. Robbins, 13 So. 574, 98 Ala. 484; Puckett v. Bates, 4 Ala. 390; Webb v. Hawkins, 14 So. 407, 101 Ala. 630; Shepherd v. Butcher, 73 So. 498, 198 Ala. 275; Sanford v. Howard, 29 Ala. 684, 68 Am. Dec. 101; Press v. Albright, 121 N. E. 362, 224 N. Y. 497, 8 A. L. R. 1195; Bailey v. Mobile, 59 So. 191, 4 Ala. App. 660; Speer v. Crowder (Ala.) 32 So. 658; White v. White, 18 So. 3, 107 Ala. 417; Ford v. Hodges, 99 So. 908, 211 Ala. 153; Foster v. Napier, 74 Ala. 393; Bolling v. Munchus, 65 Ala. 558.

GARDNER, J. Plaintiff (appellant) was on February 15, 1924, depositor of the Bank of Flomaton, of which bank defendant (appellee) was cashier and principal stockholder. On said above named date defendant executed to plaintiff the following instrument, which forms the foundation of the present suit:

"Flomaton, Ala., Feb. 15, 1924.

"This is to say that I am personally responsible to C. W. Edwards for his time deposit in the Bank of Flomaton in the sum of $5,000.00 at the rate of 7 per cent. interest until the contemplated business matters have been perfected in the sale and issue of stock has been made. "[Signed] W. J. Bryan, Cashier."

[1, 2] The sole question here presented, as conceded by counsel for the respective parties, is whether the foregoing instrument is to be construed as an original or direct obligation on the part of defendant, or merely as a collateral undertaking. If construed as collateral, failing to express any consideration, it is not questioned that it would be unenforceable as in contravention of the stat-

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ule of frauds. Lindsay v. McRea, 22 So. 868, 116 Ala. 542; Rigby v. Norwood, 34 Ala. 129.

The foregoing undertaking does not pretend to discharge the bank's indebtedness to plaintiff. Its liability continues to exist. In Puckett v. Bates, 4 Ala. 390, speaking to this question, the court said:

"The law is certainly well established that if the person for whose debt, default or miscarriage the undertaking is made, be liable at all so that the whole responsibility does not rest upon the second promisor, the second promise is collateral, and is void by the statute if not reduced to writing."

This character of test has found frequent repetition in our subsequent cases. Boykin v. Dohlonde, 37 Ala. 577; Clark v. Jones, 6 So. 362, 87 Ala. 474; Webb v. Hawkins Lumber Co., 14 So. 407, 101 Ala. 630; Sanford v. Howard, 29 Ala. 684, 68 Am. Dec. 101; Shepherd v. Butcher Tool & Hdw. Co., 73 So. 498, 198 Ala. 275.

But this instrument bears further evidence of its collateral nature, in that defendant's liability is expressly for a limited period— that is, "until the contemplated business matters have been perfected in the sale and issue of stock has been made." Upon the perfection of the business matters therein contemplated, the liability of the defendant was to cease, as a necessary consequence of the language used. Of course in such event it was not contemplated that the liability of the bank to plaintiff as a depositor was to be revived, as it were, but strongly indicates that it was the understanding and intention of the parties that the bank's responsibility was to continue and be unaffected by the agreement.

Counsel for appellant relies upon Bates v. Starr, 6 Ala. 697, Scott v. Myatt, 24 Ala. 489, 60 Am. Dec. 485, and J. Zimmern's Co. v. Granade, 102 So. 210, 212 Ala. 172, but the cases are readily distinguishable. In the latter case credit had been expressly withdrawn from the corporation, and no credit was to be extended to it, the plaintiff extending credit to Granade only, who accepted the same. The correspondence set out in the opinion clearly demonstrates that the liability of defendant in that case was original and direct. In Scott v. Myatt, supra, goods were delivered to one Orr upon the faith of defendants' order, which contained an unconditional promise to pay for such goods as plaintiff might furnish Orr in the future, and the court correctly held the writing constituted a direct obligation. So likewise with Bates v. Starr, supra. Defendant had obligated himself in the writing there in question to be responsible for any rental arrangement one Searll might make as to a certain storehouse. The court, observing that "it is of the essence of a guaranty, that there should be a principal debtor, for it is a collateral engagement for another," and proceeding to a discussion of the undertaking there in question said:

"Here is a direct promise to be responsible for the payment of the rent, not to answer for the default of Searll. In fact, it cannot be assumed from the writing, that the latter wanted the house for his own use, or that it was expected any credit should be given to him by the plaintiffs. From anything appearing to the contrary, Searll may have been employed by the defendant as an agent to procure the house for him."

In the instant case the writing shows the liability of the bank to plaintiff as a depositor, and nothing to indicate that such liability is to be affected by the written instrument. It continues to exist; defendant's liability continues to the happening of a certain contingency. The two liabilities are separate and distinct. Applying the test laid down in Puckett v. Bates, supra, and consistently followed in subsequent decisions, we find ourselves in accord with the holding of the trial court to the effect that defendant's undertaking is collateral and not original and direct.

It results that the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

On Rehearing.

GARDNER, J. The foregoing fully answers, as we consider it, the argument of counsel for appellant as contained in briefs, upon original consideration of this cause, but upon application for rehearing there is presented a further insistence that there was consideration for the execution of the instrument here in question, moving to defendant, and sufficient to constitute the transaction an original and independent obligation on defendant's part. Reference is made to an agreement as to the sale by defendant of some of the bank stock to plaintiff, but this was entirely conditional and a mere tentative understanding between the parties, without binding effect.

[3] The testimony of plaintiff is somewhat uncertain as to the further insistence that a consideration for the instrument was the understanding that he leave on deposit the money he then had in the banks. But conceding the sufficiency of the evidence in this respect, the benefit to defendant as a stockholder in the bank would be incidental only and not direct, and would not suffice to change the character of the transaction from a collateral to an original and independent one. 27 C. J. 150; Richardson v. Albright, 121 N. E. 362, 224 N. Y. 497, 8 A. L. R. 1195; Walther v. Merrell, 6 Mo. App. 370; Hardware Co. v. Goodman, 69 S. E. 898, 68 W. Va. 462, 32 L. R. A. (N. S.) 598, Ann. Cas. 1912B, 218.

A careful consideration of the cases of Uvalde Nat. Bank v. Brooks (Tex. Civ. App.) 162 S. W. 957, and Goodling v. Simon, 54 Pa. Super. Ct. 125, cited by counsel for appellant, will disclose that they are not opposed to the authorities above noted.

But this additional argument is to be considered also in the light of the further fact, as noted upon original consideration, that the instrument bears upon its face evidence of its collateral character, in that the defendant's liability is expressly for a limited period. Viewed in any aspect of the case the obligation of defendant was not original and independent, but remained collateral. Richardson v. Albright, supra.

The application for rehearing is overruled.