(109 So. 751)

### KARTUS DEPARTMENT STORES v. DEASON. (6 Div. 663.)

(Supreme Court of Alabama.   Oct. 14, 1926.)

**1. Frauds, statute of ⬅️23(3)—Statute held not applicable where materials were furnished solely to corporation and on its credit.**

Where plaintiff furnished material for remodeling of corporation's storehouse and was told by its manager to "go ahead and furnish material" and that he would see that he was paid, and plaintiff, relying thereon, charged material to defendant, *held* that materials were sold to defendant and upon its sole credit, and therefore statute was not applicable.

**2. Corporations ⬅️410.**

Manager and officer of corporation had implied authority to tell successful bidder to go ahead and furnish material to remodel corporation's storehouse and that he would see that he was paid.

**3. Evidence ⬅️473.**

Witness might state that officer authorizing plaintiff to furnish materials in remodeling of corporation's warehouse was in charge of corporation's business, since this was statement of collective fact.

**4. Appeal and error ⬅️1058(1).**

Any error in sustaining objection to question propounded by defendant to its officer *held* not prejudicial, where full benefit thereof was obtained in testimony of plaintiff not objected to.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action in assumpsit by A. W. Deason, doing business as A. W. Deason & Sons, against the Kartus Department Stores. From a judgment for plaintiff, defendant appeals. Affirmed.

Goodwyn & Ross and Mathews & Mathews, all of Bessemer, for appellant.

In testifying that Nathan Kartus was in charge of appellant's place of business, the witness was permitted to testify to a conclusion, which was error. Washington v. Cole, 6 Ala. 212; Portsmouth Cotton Oil Ref. Corp., v. Madrid Cotton Oil Co., 200 Ala. 634, 77 So. 8; A. G. S. R. Co. v. Flinn, 199 Ala. 177, 74 So. 246. Acts or declarations of agents, not shown to have been done or made in the line and scope of employment, or done or made without authority, are not binding on the principal. U. S. Cast Iron Pipe & Foundry Co. v. Caldwell, 208 Ala. 260, 94 So. 540. Appellant was entitled to present any material testimony tending to rebut appellee's claim that appellee was looking to appellant for the debt, viz. whether or not appellant knew Seibert absconded or ran away. The judgment is contrary to the statute of frauds. Code 1923, § 8034 (3).

Benton, Bentley & Moore, of Bessemer, for appellee.

The statement that Kartus was in charge of appellant's place of business at Bessemer was not a conclusion, but a statement of fact. Washington v. Spriggs, 213 Ala. 622, 105 So. 811; Yorkshire Ins. Co. v. Bunch-Morrow Motor Co., 212 Ala. 588, 103 So. 670; Marbury Lumber Co. v Heinege, 204 Ala. 241, 85 So. 453. Authority of the agent may be implied from his relation to the principal. Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 658. Where a party has the benefit otherwise of testimony sought by a question, the act of the court in sustaining objection to the question, if error, is without injury.

GARDNER, J.   Suit by appellee against appellant to recover the purchase price of certain material furnished by the plaintiff in the remodeling of defendant's storehouse in Bessemer. The defendant contracted with a third person for the completion of the job at a fixed sum, and plaintiff was the successful bidder for furnishing the particular material here sued for. The cause was tried before the court without a jury on oral proof, resulting in a judgment for the plaintiff.

[1] It is insisted by appellant that motion for new trial should have been granted upon the ground that the debt was that of the original contractor and any liability as against defendant was rested upon an oral agreement of its manager, which would be merely collateral and violative of the statute of frauds. The evidence for the plaintiff, however, tended to show that upon becoming advised that he would be successful bidder to furnish this material, and before taking any steps to the end of supplying the same, he in person saw the defendant's manager in regard thereto, who told him to "go ahead and furnish the material," and that he would see that he was paid; that the goods were charged to defendant only, and plaintiff relied on defendant for payment thereof. But without further discussion of the evidence, we conclude that it was sufficient to justify the finding of the trial court that the goods were in fact sold to defendant and upon its sole credit, and that therefore the statute of frauds does not stand in the way of plaintiff's recovery. Lackland v. Turner, 207 Ala. 73, 91 So. 877; Brewer v. Home Supply Co., 17 Ala. App. 273, 84 So. 560; Edwards v. Bryan, 214 Ala. 441, 108 So. 9.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The agreement above referred to was made with Nathan Kartus, and it was insisted that, as defendant is a corporation, authority therefor is not made sufficiently to appear. Kartus was a stockholder and officer of defendant and manager of the store at Bessemer, in full charge of the business. We are persuaded that from his relations to defendant, the nature of his employment, and the manner in which he was permitted to conduct the business, that authority to this end may be implied. Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 659.

[3] There was no error in permitting the witness to state that Nathan Kartus was in charge of defendant's business. This was a statement of collective fact. Marbury Lumber Co. v. Heinege, 204 Ala. 241, 85 So. 453; Washington v. Spriggs, 213 Ala. 622, 105 So. 811.

[4] It was without dispute that the original contractor did not complete the work and in fact abandoned the same. Plaintiff, testifying in this regard, stated without objection as follows: "Shortly after that Seibert 'vermoosed'; I don't know whether he ran away or left here, but I reckon he is gone." In no event therefore could prejudicial error be rested upon the action of the court in sustaining plaintiff's objection to the question propounded by defendant to Nathan Kartus, "Do you know whether or not he absconded and ran away?" If relevant for any purpose (a question left undecided), full benefit thereof was obtained in the testimony of plaintiff himself.

The fifth assignment of error is without merit, and needs no discussion. What we have hereinabove said sufficiently discloses our conclusion that the remaining assignments of error not specifically herein mentioned present no ground for reversal.

Let the judgment be affirmed.

Affirmed.

SAYRE, MILLER, and BOULDIN, JJ., concur.